

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ross E. Burke, Sr.
County Attorney
Goliad County
Goliad, Texas

Dear Sir:

Modified by O-1741-A

Opinion No. O-1741
Re: Necessity for exemption certi-
ficates for persons who will
be twenty-one years old after
January 31, 1940.

Your request for an opinion on the question as
is herein stated has been received by this department.

We quote from your letter as follows:

"I have before me an opinion written by
the Hon. James N. Neff, Assistant Attorney
General, on January 14, 1938 to B. Frank
Kauffman, Chairman of Tarrant County, Demo-
cratic Executive Committee. With reference
to issuing exemption certificates to persons
who are under age.

"I wish to call your attention to the
last paragraph of this opinion, which states,
'Every person who does not reside in a city
of ten thousand inhabitants or more and who
reaches the age of twenty-one years subse-
quent to January 31, 1938 and prior to the
date of the election, is not required to
secure an exemption certificate to be quali-
fied to vote in such election.'

"In an election contest in this county,
the District Judge, Mr. J. F. Pool ruled that
any one who has reached the age of twenty-
one must have an exemption certificate to
vote in any election even though he became
of age subsequent to January 31. It is my

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

620

understanding that the same ruling has been given by other District Courts.

"Now in order to give the person who will be twenty-one after January 31, 1940 a chance to cast a legal vote, I would appreciate your opinion in the matter and I will advise the Tax Collector accordingly.

"The population of Goliad County at the last Federal Census was 10,093, and have no city of more than 3,000."

As we understand your inquiry, you desire to know whether or not persons who will be twenty-one years old after January 31, 1940, are required to have an exemption certificate to be entitled to vote in an election during the year 1940.

We quote from the case of Clark vs. Stubbs, 131 SW 2nd 663, as follows:

"Appellee challenged the votes of Nell Rose Morrisey, Jeff Dyer, Lillie Gibson, Wilbur Herwig, Louise Wilderbrush, Mrs. Bowman Baxisl, Clinton Jacobs, and Willis Blackburn, because each of them became 21 years of age after January, 1938, and prior to November 8, 1938, and under the governing statute, therefore, they were not entitled to vote without an exemption certificate. Art. 2968a, Vernon's Ann. Civl St., Acts of 1935, 44th Leg. p. 686, Chap. 292, Sec. 1, provides that each of the voters in question was required to obtain an exemption certificate before he or she would be entitled to vote. Neither of them obtained such a certificate. The statute is mandatory and these voters were not qualified to vote at the election, and the trial court correctly excluded all of such votes. Appellant contends, however, that since the caption to Art. 2968a did not specifically define the voters to whom the exemption clause related or referred, that it was unconstitutional. This is an election contest. It is

Hon. Ross E. Burke, Sr., Page 3

not a civil suit, and the constitutionality
of the statute cannot be attacked in this
sort of proceeding. This court held in
Trimmier v. Carlton, 264 S. W. 253, 255, that
'jurisdiction in election contests is limit-
ed to such matters as tend to show that the
election ''was not properly ordered or fair-
ly conducted, such as the failure to give
notice of the time and place where the elec-
tion is to be held or that illegal votes
were cast thereat, or some other matter
that would impeach the fairness of the re-
sult.'' Bassel v. Shanklin (Tex. Civ. App.),
183 S. W. 105; McCall v. Lewis (Tex. Civ.
App.), 263 S. W. 325.'"

On May 26, 1936, in conference opinion No. 2988,
this department held:

"All persons who reside either in a
city of ten thousand inhabitants or more
or who do not reside in a city of ten thou-
sand inhabitants or more who become 21 years
of age after January 31st and before any
election in this State is entitled to vote
in said election provided said person com-
plies with Article 2968 and 2969 with refer-
ence to the obtaining of an exemption certi-
ficate.

"A person may anticipate his birthday
in order to obtain an exemption certificate
to vote in any election in this State.

"Article 2969 is not repealed by impli-
cation by Article 2968(a).

"A person who resides in a city of two
thousand inhabitants and who becomes 21 years
of age in April 1936 may vote in the July pri-
mary 1936 even though he has not obtained an
exemption certificate prior to February 1,
1936."

We believe that conference opinion No. 2988,
supra, correctly construes the law relating to the ques-
tion submitted in your inquiry and related questions, and

Hon. Ross E. Burke, Sr., Page 4

for your convenience we enclose a copy of this opinion.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that all persons who do not reside in a city of ten thousand inhabitants or more and who become twenty-one years of age after January 31, 1940, may vote in any election held in this State provided they comply with the terms of Article 2968a, with reference to obtaining exemption certificate on or before the 31st day of January in the year in which he desires to vote, regardless of the time when such individual may become twenty-one years of age, the only requisite being that said person must be twenty-one at the time he presents himself at the polls to vote, and not otherwise disqualified to vote under the Constitution and laws of this State.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

ENCLOSURE

DEC 7, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN